IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANGELA L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-02509-SHM-cgc |
| | ) | |
| BAPTIST MEMORIAL HEALTH CARE CORPORATION and BAPTIST MEMORIAL MEDICAL GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This is an employment discrimination and retaliation case. Before the Court are three motions. The first motion is Defendant Baptist Memorial Medical Group, Inc.'s ("BMMG") July 26, 2019 Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 43.) BMMG argues that Plaintiff Angela Johnson's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, et seq., are time-barred. Johnson responded on September 18, 2019. (ECF No. 49.) BMMG replied on October 2, 2019. (ECF No. 54.)

The second motion is BMMG's October 2, 2019 Motion to Strike Johnson's Late-Filed Response to BMMG's Motion to Dismiss (BMMG's "First Motion to Strike"). (ECF No. 54.) Johnson responded on

October 15, 2019.  (ECF No. 61.)  BMMG replied on October 24, 2019.  (ECF No. 67.)

The third motion is BMMG's October 22, 2019 Motion to Strike Johnson's Sur-Reply and Memorandum in Support (BMMG's "Second Motion to Strike").  (ECF No. 64.)  Johnson has not filed a response, and the time to do so has passed.

For the following reasons, the Court GRANTS BMMG's Motion to Dismiss.  The Court GRANTS BMMG's First Motion to Strike.  The Court GRANTS BMMG's Second Motion to Strike.

**I. Background**

BMMG is a subsidiary of Baptist Memorial Health Care Corporation ("BMHCC"). (Am. Compl., ECF No. 41 ¶ 7.) Johnson is a former BMMG employee.  (Id.)  She worked for BMMG as a Patient Finance Representative from August 2013 to July 2016. (Id. ¶¶ 8, 17.)

On October 28, 2015, Johnson filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") alleging that she had been denied a promotion because of her race.  (Id. ¶ 12.)  The October 28, 2015 Charge of Discrimination listed BMMG as the respondent. (Id. Ex. 1.)  On April 26, 2018, the EEOC sent Johnson a Notice of Suit Rights based on this Charge of Discrimination.  (Id. ¶ 13.)

On July 7, 2016, Johnson filed a second Charge of Discrimination with the EEOC alleging that she had been retaliated against for filing the October 28, 2015 Charge of Discrimination. (Id. ¶¶ 14-18.) The July 7, 2016 Charge of Discrimination listed BMHCC as the respondent. (Id. Ex. 3.) On May 22, 2018, the EEOC sent Johnson a Notice of Suit Rights based on this Charge of Discrimination. (Id. ¶ 19.)

On July 24, 2018, Johnson filed a Complaint against BMHCC alleging race-based discrimination and retaliation in violation of: (1) Title VII; (2) Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; and (3) the Fourteenth Amendment of the United States Constitution. (ECF No. 1 at 1-2.) On July 12, 2019, Johnson filed an Amended Complaint adding BMMG as a defendant. (ECF No. 41.)

BMMG moves to dismiss Johnson's Title VII claims as time-barred.[1] (ECF No. 43.) BMMG moves to strike Johnson's untimely response to BMMG's Motion to Dismiss. (ECF No. 54.) BMMG moves

---

[1] BMMG states in its motion that it moves to dismiss Johnson's § 1981 claims as well. (ECF No. 43 at 1.) In its memorandum of law, BMMG does not discuss Johnson's § 1981 claims and argues only that Johnson's Title VII claims are time-barred. (See ECF No. 43-1.) Johnson's § 1981 claims are governed by a separate statute of limitations, which BMMG does not address. See Barrett v. Whirlpool Corp., 556 F.3d 502, 511 (6th Cir. 2009) (noting that "a four-year statute of limitations applies" to § 1981 claims); Tartt v. City of Clarksville, 149 F. App'x 456, 461 n.2 (6th Cir. 2005) (noting that § 1981 claims "are not governed by the same EEOC restrictions and statutes of limitations as Title VII claims"). The Court understands BMMG's Motion to Dismiss to be directed only to Johnson's Title VII claims.

3

to strike Johnson's sur-reply to its Motion to Dismiss. (ECF No. 64.)

**II. Jurisdiction**

The Court has federal-question jurisdiction. Under 28 U.S.C. § 1331, United States district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Johnson alleges that BMMG violated Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment of the United States Constitution. Those claims arise under the Constitution and laws of the United States.

**III. Standard of Review**

 **A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary

discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**B.   Motion to Strike**

Granting or denying a motion to strike is within the sound discretion of the trial court. Seay v. Tenn. Valley Auth., 339 F.3d 454, 480 (6th Cir. 2003). The Federal Rules of Civil Procedure do not contemplate motions to strike documents other

5

than pleadings.  Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006); cf. Fed. R. Civ. P. 12(f) (providing that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").  "[T]rial courts make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than pleadings]." Zep Inc. v. Midwest Motor Supply Co., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing Anthony v. BTR Auto Sealing Sys., 339 F.3d 506, 516 (6th Cir. 2003)).

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules."  Pearce v. Chrysler Grp., L.L.C. Pension Plan, 615 F. App'x 342, 349-50 (6th Cir. 2015) (citing S.S. v. E. Ky. Univ., 532 F.3d 445, 451 (6th Cir. 2008)).  "The district court does not have to accept every filing submitted by a party."  Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC, 463 F.3d 478, 488 (6th Cir. 2006).  A court acts within its discretion when it strikes a filing for, inter alia, untimeliness or a failure to comply with the local rules.  See Ordos City Hawtai Autobody Co. v. Dimond Rigging Co., 695 F. App'x 864, 870-72 (6th Cir. 2017) (affirming trial court's striking of response brief because of failure to comply with local rules); Ross, 463 F.3d at 488-89 (affirming trial court's

6

striking of reply brief because party failed to request the necessary leave to file); <u>Jones v. Northcoast Behavioral Healthcare Sys.</u>, 84 F. App'x 597, 598-99 (6th Cir. 2003) (affirming trial court's striking of untimely memoranda of law).

## IV. Analysis

### A. BMMG's First Motion to Strike

BMMG moves to strike Johnson's response to BMMG's Motion to Dismiss. (ECF No. 54.) BMMG filed its Motion to Dismiss on July 26, 2019. (ECF No. 43.) Under the Local Rules of the U.S. District Court for the Western District of Tennessee (the "Local Rules"), Johnson had 28 days to respond. LR 12.1(b). Johnson filed her response 26 days late, on September 18, 2019. (ECF No. 49.)

When a filing deadline has passed, a court "may, for good cause, extend the time," but only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Johnson filed no motion to extend time. She filed her response late and did not explain why.

In her response to BMMG's First Motion to Strike, Johnson attempts to explain her delay. She says she missed the Court's automatic email notification about BMMG's Motion to Dismiss because her counsel's "server had a malfunction," and that, "[o]nce the malfunction was discovered and corrected, she got a

notice in this case for [BMMG's] Motion to Dismiss." (ECF No. 61 at 1-2.) Johnson argues that this constitutes excusable neglect. (Id.)

In this Circuit, missing an email is not an excuse for missing a deadline. "[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders." Yeschick v. Mineta, 675 F.3d 622, 629 (6th Cir. 2012) (affirming trial court's finding that "counsel's neglect in not checking the docket was not excusable"). The same goes for other docket events, like the entry of a motion. Failure to keep up with what happens in a case is not excusable neglect. See EEOC v. Indi's Fast Food Rest., Inc., No. 3:15-cv-00590, 2016 WL 7473130, at *5-6 (W.D. Ky. Dec. 28, 2016) (declining to consider late-filed reply brief because "counsel's non-receipt of emails d[id] not relieve his responsibility to monitor the Court's docket and keep apprised of developments within his active cases" and did not "constitut[e] excusable neglect"); Moncier v. Jones, 939 F. Supp. 2d 854, 861-62 (M.D. Tenn. 2013) (finding that "Plaintiff's failure to respond to [a] motion to dismiss as a result of his computer difficulties d[id] not constitute excusable neglect"); Dumas v. Hurley Med. Ctr., No. 10-cv-12661, 2013 WL 12309315, at *2 (E.D. Mich. Aug. 7, 2013) (declining to consider plaintiff's late-filed objections to magistrate judge's report and recommendation and noting that "[e]mail notification is a

8

convenience, but its existence does not excuse Plaintiff from her duty to actively log-on to the CM/ECF system and check the docket"); see also Dudek v. Greektown Casino, LLC, No. 13-cv-12471, 2014 WL 526225, at *2 (E.D. Mich. Feb. 10, 2014) ("[A]n attorney's 'failure to respond to [a dispositive motion] or to request an extension of time to file a response thereto is inexcusable neglect.'") (alterations in original) (quoting Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984)).

Johnson did not move for an extension of time to respond to BMMG's Motion to Dismiss. Her belated explanation does not justify her delayed response. The Court GRANTS BMMG's First Motion to Strike and will not consider Johnson's untimely response to BMMG's Motion to Dismiss.

**B. BMMG's Second Motion to Strike**

BMMG moves to strike Johnson's sur-reply to BMMG's Motion to Dismiss. (ECF No. 64.) On October 2, 2019, BMMG filed a reply to Johnson's response to BMMG's Motion to Dismiss (BMMG's "MTD Reply"). (ECF No. 54.) BMMG's MTD Reply was combined with its First Motion to Strike. (See id. at 1-2 (First Motion to Strike), 3-5 (MTD Reply).) On October 15, 2019, Johnson responded to BMMG's MTD Reply and BMMG's First Motion to Strike

9

in the same filing. (ECF Nos. 61, 61-1.)[2] On pages 1-2 of ECF No. 61 and pages 1-3 of ECF No. 61-1, Johnson responds to BMMG's First Motion to Strike. On pages 2-5 of ECF No. 61 and pages 3-7 of ECF No. 61-1, Johnson responds to BMMG's MTD Reply.

Johnson's responses to BMMG's MTD Reply function as a sur-reply. Under the Local Rules, a moving party may reply to a response to a motion to dismiss without the Court's leave. LR 12.1(c). Otherwise, "reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response." LR 7.2(c). Johnson did not seek leave to file a sur-reply to BMMG's MTD Reply. Her sur-reply is unauthorized. See Bey v. Terminix Int'l, L.P., No. 17-cv-02597, 2018 WL 3552348, at *4 (W.D. Tenn. July 24, 2018) (striking plaintiff's filing in response to defendant's motion to dismiss because the "document is in fact a sur-reply filed to Defendant's Partial Motion to Dismiss" and noting that "Local Rule 12.1 does not authorize the filing of a sur-reply to a motion to dismiss, and Plaintiff has not obtained leave of court to do so"); Price v. ReconTrust Co., N.A., No. 12-cv-02170, 2013 WL 12284475, at *1 n.5 (W.D. Tenn. Feb. 19, 2013) (striking a plaintiff's "unauthorized sur-reply"

---

[2] ECF No. 61 is Johnson's "Response" to BMMG's First Motion to Strike and MTD Reply. ECF No. 61-1 is Johnson's "Memorandum of Law in Opposition" to BMMG's First Motion to Strike and MTD Reply.

10

and noting that "[t]his Court's local rules do not contemplate the filing of sur-reply briefs in support of motions to dismiss").

The Court will not consider the portions of ECF No. 61 (on pages 2-5) and ECF No. 61-1 (on pages 3-7) that constitute Johnson's unauthorized sur-reply to BMMG's MTD Reply. Johnson did not seek the necessary leave to file those portions. The Court GRANTS BMMG's Second Motion to Strike.

**C. BMMG's Motion to Dismiss**

BMMG moves to dismiss Johnson's Title VII claims as time-barred.[3] (ECF No. 43.) BMMG argues, <u>inter alia</u>, that, because Johnson's response to its Motion to Dismiss was inexcusably late, "Defendant's MTD should be granted without further consideration." (ECF No. 54 at 2.) The law is to the contrary. The Local Rules provide that "[f]ailure to respond timely to any motion, <u>other than one requesting dismissal of a claim or action</u>, may be deemed good grounds for granting the motion." LR 7.2(a)(2) (emphasis added). The Sixth Circuit has held that a

---

[3] In its reply brief, BMMG argues in the alternative that there was not good cause for the Court to allow Johnson to file her Amended Complaint. (ECF No. 54 at 4-5.) The Court will not consider an argument for dismissal raised for the first time on reply. "[R]eply briefs <u>reply</u> to arguments made in the response brief -- they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." <u>Scottsdale Ins. Co. v. Flowers</u>, 513 F.3d 546, 553 (6th Cir. 2008) (emphasis in original) (quoting <u>Novosteel SA v. United States</u>, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).

court may not grant a dispositive motion simply because the opposing party failed to respond. See Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991) (noting that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded," and holding that "the situation should be [no] different in the context of a motion to dismiss for failure to state a claim"). Even when a motion to dismiss is unopposed, "the district court is required to examine the movants' motion on the merits." Burse v. Gene Reed Ford, 966 F.2d 1451 (6th Cir. June 17, 1992) (unpublished table opinion) (citing Carver, 946 F.2d at 455). The Court will consider the merits of BMMG's Motion to Dismiss.

### 1. Title VII's 90-Day Time Limitation

BMMG argues that Johnson's Title VII claims are time-barred. (ECF No. 43-1 at 4-6.) Title VII provides that, before filing a lawsuit against her employer, an aggrieved employee must file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e); Williams v. CSX Transp. Co., 643 F.3d 502, 507-08 (6th Cir. 2011). The EEOC investigates the charge and decides whether to take further action, such as filing a civil suit against the employer. 42 U.S.C. § 2000e-5(b), (f)(1); EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 455-56 (6th Cir. 1999). If the EEOC does not take further action, it sends the employee a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); Logan v. MGM

12

Grand Detroit Casino, 939 F.3d 824, 828 (6th Cir. 2019). Once the employee receives the right-to-sue letter, she must file suit against her employer within 90 days. 42 U.S.C. § 2000e-5(f)(1). This 90-day limit is "strictly enforced." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000); see also Disena v. TS Emp't Inc., No. 16-2269, 2017 WL 4124889, at *2 (6th Cir. May 11, 2017) (affirming dismissal of untimely Title VII claim that was filed six months after plaintiff received right-to-sue letter from the EEOC). "Absent compelling equitable considerations, a court should not extend [Title VII's] limitations by even a single day." Graham-Humphreys, 209 F.3d at 561.

Johnson received her two right-to-sue letters -- for her discrimination and retaliation claims, respectively -- on April 26, 2018, and May 22, 2018. (ECF No. 41 ¶¶ 13, 19.) She timely filed suit against BMHCC, the parent entity of her employer BMMG, on July 24, 2018. (ECF No. 1.) Johnson waited almost another year, until July 12, 2019, to add BMMG as a defendant. (ECF No. 41.) Johnson's failure to file her Title VII claims against BMMG within Title VII's 90-day limit bars those claims. They are untimely. See Anderson v. Tenn. Quadel Consulting Corp., No. 16-cv-02652, 2017 WL 3431398, at *3 (W.D. Tenn. Aug. 9, 2017) (finding that Title VII claims would be "obviously time-barred" where plaintiff failed to sue the correct defendant until 10

13

months after he received a right-to-sue letter from the EEOC); Bondwe v. Mapco, Inc., No. 3:13-cv-0419, 2013 WL 6051764, at *2 (M.D. Tenn. Nov. 15, 2013) (noting that Title VII plaintiff's amended complaint naming correct defendant was untimely because it was filed "one day after the limitations period had expired").

### 2. "Relation Back" Under Rule 15(c)(1)(C)

Although Johnson's Title VII claims against BMMG were not timely filed, they are not time-barred if they "relate back" to the date of Johnson's original, timely Complaint. See Handy v. Gannett Satellite Info. Network, Inc., No. 3:06-cv-0331, 2007 WL 1975575, at *5-6 (M.D. Tenn. July 6, 2007) (finding that substitution of correct defendant for misidentified party that took place after Title VII's 90-day limit had expired was timely because the substitution "relate[d] back to the timing of the original [complaint]"). Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure governs the "relation back" of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C).

Under Rule 15(c)(1)(C), an amendment that "changes the party" will relate back to the date of the original complaint if: (1) the claim asserted in the amendment arises out of the conduct, transaction, or occurrence set out or attempted to be set out in the original complaint; (2) the new party received notice of the suit within 90 days of the filing of the original

complaint such that it will not be prejudiced in defending the merits of the case; and (3) the new party knew or should have known within 90 days of the filing of the original complaint that, but for a mistake in the identity of the proper party, the action would have been brought against her. Fed. R. Civ. P. 15(c)(1); Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 544-45 (2010); Jones v. Yancy, No. 07-cv-02263, 2016 WL 10590155, at *4 n.4 (W.D. Tenn. Dec. 12, 2016).

The Court need not consider whether Johnson's Amended Complaint meets the requirements of Rule 15(c)(1)(C). The Amended Complaint has a threshold defect: it added BMMG as an additional defendant rather than changing the defendant from BMHCC to BMMG. (Compare ECF No. 1 with ECF No. 41.) "[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010) (quoting In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1449 (6th Cir. 1991)); see also Lester v. Wow Car Co., 675 F. App'x 588, 592-93 (6th Cir. 2017) (affirming trial court's conclusion that claims against new defendants did not relate back to date of original pleading "[s]ince the New Defendants were added to the complaint and not even plausibly substituted for an original named defendant"). The substitution of a correct defendant for a

15

misidentified party will relate back to the date of the original pleading if the requirements of Rule 15(c)(1)(C) are met. See Reed v. U.S. Bancorp, No. 1:12-cv-344, 2013 WL 1249231, at *5-7 (E.D. Tenn. Mar. 26, 2013) (finding that amended complaint related back to date of original complaint where plaintiff sought "leave to amend her complaint to completely remove" the misidentified defendant "and assert her claims only against" the proper party).

In her motion for leave to file her Amended Complaint, Johnson asked the Court to allow her to add BMMG as a defendant. (ECF No. 38 at 2.) The Amended Complaint contains two counts, each naming BMMG and BMHCC. (ECF No. 41 ¶¶ 5-6, 24-36.) In her response to a separate, pending filing in this case -- BMHCC's Motion for Summary Judgment -- Johnson argues that BMHCC should be considered a "joint employer" with BMMG. (ECF No. 50 at 9.) Johnson's addition of BMMG as a defendant was a substantive change in her case, not a technical correction to a pleading mistake. Her Amended Complaint does not relate back to the date of her original Complaint. See In re Biozoom, Inc. Sec. Litig., 93 F. Supp. 3d 801, 811-12 (N.D. Ohio 2015) (amended pleading did not "relate back" because it "involve[d] adding both new Defendants and new Plaintiffs" rather than "the substitution of plaintiffs or defendants"); Hiler v. Extendicare Health Network, Inc., No. 5:11-cv-192, 2013 WL 756352, at *4 (E.D. Ky. Feb. 26,

2013) (amended pleading did not "relate back" because the defendants it named were "newly added parties, resulting not in substitution or a party change but rather an enlargement of the defendant roster"); DeBois v. Pickoff, No. 3:09-cv-230, 2011 WL 1233665, at *10-11 (S.D. Ohio Mar. 28, 2011) (amended pleading did not "relate back" because it "add[ed] three new defendants" rather than effecting a "one-for-one substitution").

In her October 15, 2019 sur-reply to BMMG's MTD Reply, Johnson asserts that her decision to sue BMHCC instead of BMMG was a mistake. She argues that "there was a misidentification of the parties," she "intended to bring a cause of action against [BMMG] but for the mistaken identity," and "[BMMG] should be substituted for [BMHCC]." (ECF No. 61 at 3; ECF No. 61-1 at 3-4.) Those arguments form part of Johnson's unauthorized sur-reply to BMMG's MTD Reply. The Court will not consider them. See supra, at 9-11. Even if the Court were to consider Johnson's sur-reply arguments, however, her assertions in the sur-reply conflict with the Amended Complaint, which contains counts against BMMG and BMHCC. (ECF No. 41 ¶¶ 5-6, 24-36.)

BMMG's Motion to Dismiss Johnson's Title VII claims is GRANTED. As pled, those claims do not relate back to Johnson's original Complaint and are time-barred.

## V. Conclusion

For the foregoing reasons, BMMG's First Motion to Strike is GRANTED. BMMG's Second Motion to Strike is GRANTED. BMMG's Motion to Dismiss is GRANTED.

So ordered this 7th day of November, 2019.

                                        /s/ *Samuel H. Mays, Jr.*
                                        Samuel H. Mays, Jr.
                                        UNITED STATES DISTRICT JUDGE